IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ANTHONY JOSEPH BELTRAN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN JAQUEZ,<br><br>Defendant | Cause No. CV 23-40-GF-BMM<br><br>ORDER |

Petitioner Anthony Joseph Beltran ("Beltran"), a federal prisoner proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) Beltran is currently incarcerated in the Federal Correctional Institute (FCI) in Sheridan, Oregon.

This Court previously sentenced Beltran in his criminal matter. *USA v. Beltran*, Cause No. CV-19-cr-35-GF-BMM. Beltran received a net 160-month sentence followed by 5 years of supervised release on August 3, 2020. *See USA v. Beltran*, Cause No. CV-19-cr-35-GF-BMM, Judg. (D. Mont. Aug. 6, 2020). Beltran subsequently filed a motion for compassionate release. On June 6, 2023, this Court granted Beltran's motion, in part, and reduced his custodial sentence by 12 months, to 148 months. *USA v. Beltran*, Cause No. CV-19-cr-35-GF-BMM, Amd. Judg. (D. Mont. June 21, 2023).

1

In the present petition, Beltran challenges the manner in which the Bureau of Prisons ("BOP") has calculated his sentence. He contends that the BOP has refused to credit him for 484 days of time served in the county jail before being sentenced by this Court. (Doc. 1 at 2, 6.) He asks this Court to correct the error made by the BOP and award him additional credit toward his sentence. (*Id*. at 7.) Beltran explains that on December 2, 2022, he submitted an informal resolution challenging the denial of credit for the 484 days. (Doc. 1-2 at 1.) When he failed to receive a response, Beltran filed an inmate request form. (*Id*. at 2.) Beltran asserts that the BOP has failed to respond in any fashion. S*ee* (Doc. 1 at 2-3); *see also* (Doc. 1-1 at 2). Thus, he believes he has exhausted his administrative remedies.

Under 28 U.S.C. § 2241, a district court may grant habeas relief to a federal prisoner who is in custody in violation of federal law. A petition challenging the manner, location, or conditions of a sentence's execution is brought under § 2241 in the custodial court. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). The BOP's calculation of sentencing credit presents an issue pertaining to the execution of a sentence that a habeas petitioner may challenge through such a petition. *See Zavala v. Ives*, 785 F.3d 367, 370 n.3 (9th Cir. 2015). Jurisdiction over a § 2241 petition lies in the district of the prisoner's confinement. *Hernandez*, 204 F. 3d at 864.

Beltran currently is incarcerated in FCI Sheridan located in Sheridan, Oregon

in the Federal District of Oregon. This Court lacks jurisdiction over Beltran's § 2241 petition. This matter will be dismissed. Should Beltran wish to proceed, he must refile his petition in the Federal District of Oregon, Portland Division.

Beltran is a federal prisoner bringing a § 2241 petition, therefore, a certificate of appealability is not required. *See Harrison v. Ollison*, 519 F. 3d 952, 958 (9th Cir. 2008)("The plain language of [28 U.S.C.] § 2253(c )(1) does not require a petitioner to obtain a COA in order to appeal the denial of a § 2241 petition.").

Accordingly, the Court enters the following:

## ORDER

1. This matter is dismissed for lack of jurisdiction.

2. The Clerk of Court is directed to close this matter and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 28th day of September, 2023.

_____
Brian Morris, Chief District Judge
United States District Court